



Honorable August B. Landis
United States Bankruptcy Judge

Entered on Docket
March 31, 2021

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

\* \* \* \* \* \*

|  |  |
|---|---|
| In re: | Case No.: 17-15277-abl |
| | Chapter 13 |
| ANTONIA ANDRADE-GARCIA, | |
| Debtor. | Hearing Date: March 4, 2020 |
| | Hearing Time: 9:30 a.m. |

## <u>MEMORANDUM AND ORDER SUSTAINING DEBTOR'S CLAIM OBJECTIONS AND AWARDING ATTORNEY'S FEES UNDER NRS 18.010</u>

This matter came on for hearing before the Court on March 4, 2020, pursuant to three

separate claim objections[1] filed by debtor Antonia Andrade-Garcia ("Debtor"). The Objections

were directed to Claim Nos. 4-1, 5-1, and 6-1 (collectively "Claims").[2] All of the Claims were

filed by creditor LVNV Funding, LLC ("LVNV").

---

[1] ECF No. 84, 86, and 88 (collectively "Objections"). In this Memorandum, all references to "ECF No." are to the numbers assigned to the documents filed in this case as they appear on the official court docket maintained by the clerk of court.

[2] References to "Claim No." are to the numbers assigned to the proofs of claim filed in this case as they appear on the official claims register maintained by the clerk of court.

At the conclusion of the March 4, 2020 hearing on Debtor's Objections, the Court set this matter over for additional argument on March 17, 2020. Attorney Richard E. Hawkins appeared and argued for Debtor at both hearings. Attorney Steven L. Yarmy appeared and argued for LVNV at both hearings. At the conclusion of the March 17, 2020 hearing, the Court closed the record and took this claim dispute under submission.

The Court takes judicial notice of the official court docket and claims register in Debtor's case to the extent appropriate under and permitted by FED. R. EVID. 201(b) and (c). In preparing this Memorandum, the Court has reviewed Debtor's Objections, LVNV's replies to the Objections,[3] and Debtor's omnibus response to LVNV's replies.[4] The Court has also considered the arguments of counsel at the March 4 and 17, 2020 hearings. The issues presented by this claim dispute are fully submitted. Based upon the record before it, the Court enters the following findings of fact and conclusions of law.

## FINDINGS OF FACT

This case commenced on September 29, 2017, when Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.[5] Debtor subsequently filed a motion seeking conversion of her case to proceedings under Chapter 13 of the Code. The Court's order granting her conversion motion was granted on December 6, 2017.[6] Her case has been administered under Chapter 13 of the Code at all times since then.

On February 13, 2018, the Claims were filed by LVNV in writing on Official Form 410. LVNV is not the original creditor on any of the accounts that are referenced in the Claims. All

---

[3] ECF No. 93-95, inclusive.
[4] ECF No. 99.
[5] 11 U.S.C. §§ 101-1532 ("Code"). Unless otherwise noted, the words "Chapter" and "Section" as used in this memorandum refer to the corresponding chapter and section within the Code.
[6] ECF No. 29.

of the Claims identify "LVNV Funding, LLC its successors and assigns as assignee of Arrow Financial Services, LLC" as the current creditor.  More particularly:

- **Claim 4-1:**  Identifies LVNV as assignee of Arrow Financial Services, LLC, with documents including a bill of sale, assignment, declaration of account transfer, and limited power of attorney attached in support at pages 5-12 of 12.

- **Claim 5-1:**  Identifies LVNV as assignee of NCOP Capital II, LLC, with documents including a bill of sale, assignment, declaration of account transfer, and limited power of attorney attached in support at pages 5-13 of 13.

- **Claim 6-1:**  Identifies LVNV as assignee of North Star Capital Acquisition LLC, with documents including a bill of sale, assignment, declaration of account transfer, and limited power of attorney attached in support at pages 5-10 of 10.

An Account Detail form is also attached to each of the Claims which confirms that the underlying account is in the Debtor's name.[7]  The Account Detail forms attached to the Claims also plainly show that both the charge off date by the original credit provider, and the last transaction on the relevant account, occurred more than a decade prior to the commencement of Debtor's case on September 29, 2017.  More specifically, the Account Detail forms appended to the Claims reveal the following information:

- **Claim 4-1:**        Charged off:              January 30, 2004

            Last transaction date:  September 28, 2006

- **Claim 5-1:**        Charged off:              September 1, 2002

---

[7]Claim 4-1, p. 4 of 12; Claim 5-1, p. 4 of 13; Claim 6-1, p. 4 of 10.

Last transaction date:  December 16, 2003

- **Claim 6-1:**        Charged off:          April 21, 2003

Last transaction date:  December 17, 2003

A review of the docket confirms that the Chapter 13 trustee overseeing the administration of Debtor's bankruptcy case did not object to any of LVNV's Claims.  On January 7, 2020, Debtor filed the Objections asserting that LVNV's Claims were all filed at a point in time when they were obviously barred by the applicable Nevada statute of limitations. See NRS 11.190(1)(a), NRS 11.190(2)(a), and (b).[8] On February 6, 2020, LVNV filed replies to each of Debtor's Objections, citing the United States Supreme Court's decision in Midland Funding, LLC v. Johnson, ___ U.S. ___, 137 S. Ct. 1407, 197 L. Ed. 2d (2017) as supporting authority.[9]

On February 13, 2020, Debtor filed an omnibus response to LVNV's replies to the Objections, noting that LVNV had conceded in its replies that all of the Claims were time barred under Nevada law when they were filed; that LVNV Funding had been afforded plenty of time to withdraw the Claims since they were filed on February 13, 20**18** and Debtor's Objections were filed almost two years later on January 7, 20**20**; and that if Debtor's Objections were sustained, Debtor was entitled to recover the attorney's fees she had incurred in successfully prosecuting the Objections from LVNV - - not as a sanction, but as the prevailing party under a Nevada state law fee shifting statute, NRS 18.010(2)(b). [10]  While Debtor's Objections to LVNV's Claims were pending, the Court entered its confirming Debtor's Chapter 13 plan on March 11, 2020.[11]

---

[8]As used in this memorandum, "NRS" refers to the Nevada Revised Statutes in effect as of the filing of Debtor's bankruptcy petition on September 29, 2017.

[9]ECF Nos. 93 – 95, inclusive.

[10]ECF No. 99.

[11]ECF No.109.

4

## CONCLUSIONS OF LAW

### A.    Jurisdiction; Venue; Core Proceeding

The Court has jurisdiction over Debtor's Chapter 13 bankruptcy case.  28 U.S.C. §§ 1334(a) and 157(a), and LR 1001(b)(1).[12]  Venue of Debtor's Chapter 13 bankruptcy case is proper in the District of Nevada under 28 U.S.C. §1408(1).  Debtor's Objections to LVNV's Claims are statutorily core proceedings.  28 U.S.C. § 157(b)(2)(a) and (b).  Debtor's Objections to LVNV's Claims are also constitutionally core proceedings because they arise under Section 502 of the Code.  See Certain Underwriters at Lloyds v. GACN, Inc. (In re GACN, Inc.), 555 B.R. 684, 692–93 (9th Cir. BAP 2016), appeal dismissed, No. 16-60079, 2017 WL 4513499 (9th Cir. May 10, 2017) (noting that the phrase "arising under title 11" as used in 28 U.S.C. § 157(a) and (b) is a term of art meaning a proceeding that "presents claims for relief created or controlled by title 11."), citing Wilshire Courtyard v. Cal. Franchise Tax Bd. (In re Wilshire Courtyard), 729 F.3d 1279, 1285 (9th Cir. 2013).

### B.    Controlling Statutory Provisions

The analytical starting point in resolving Debtor's Objections to LVNV's Claims is the statutory text of the Code and NRS.  It is well established that when the language of a statute is plain, the sole function of the courts, at least where the disposition required by the text is not absurd, is to enforce it according to its terms. Dale v. Maney (In re Dale), 505 B.R. 8, 11 (9th Cir. BAP 2014), citing Lamie v. U.S. Trustee, 540 U.S. 526, 534 (2004).

### 1.    As to Claims Disputes in Bankruptcy Cases Generally

---

[12]As used in this memorandum, "LR" refers to the Local Rules of Bankruptcy Practice for the District of Nevada, available on the Court's website at this link:
 https://www.nvb.uscourts.gov/downloads/rules/local-rules-2021_final.pdf

Section 502 of the Code governs Debtor's Objections to LVNV's Claims and provides in pertinent part:

**Section 502.    Allowance of claims or interest**

(a)    A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.

(b)    Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that —

(1)    such claim is unenforceable against the debtor and property of the debtor, ***under any*** agreement or ***applicable law for a reason other than because such claim is contingent or unmatured***[.] (emphasis added)

The Federal Rules of Bankruptcy Procedure[13] further inform the analytical calculus. Rule 3001 addresses the requisite content and evidentiary effect of a properly filed proof of claim, and reads in relevant part:

**Rule 3001.    Proof of Claim**

---

[13]FED. R. BANKR. P. 1001- 9037, inclusive.  Unless otherwise noted, in this memorandum the words "Rule" and "Rules" refer to the Federal Rules of Bankruptcy Procedure.

**(a)**    **Form and Content.** A proof of claim is a written statement setting forth a creditor's claim. A proof of claim shall conform substantially to the appropriate Official Form.

[. . . . .]

**(c)**    **Supporting Information.**

    **(1)**    **Claim Based on a Writing.**  Except for a claim governed by paragraph (3) of this subdivision, when a claim, or an interest in property of the debtor securing the claim, is based on a writing, a copy of the writing shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

    [. . . . .]

    **(3)**    **Claim Based on an Open-End or Revolving Consumer Credit Agreement.**

        (A)    When a claim is based on an open-end or revolving consumer credit agreement – except one for which a security interest is claimed in the debtor's real property – a statement shall be filed with the proof of claim, including all of the following information that applies to the account:

            (i)    the name of the entity from whom the creditor purchased the account;

7

        (ii)      the name of the entity to whom the debt was owed at the time of an account holder's last transaction on the account;

        (iii)     the date of an account holder's last transaction;

        (iv)     the date of the last payment on the account; and

        (v)     the date on which the account was charged to profit and loss.

[. . . . .]

**(f)**      **Evidentiary Effect.**  A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim.

    **2.**     **As to the Relevant Statute of Limitations Under Nevada Law**

The statute of limitations for commencing an action based on contract in Nevada is set forth in NRS 11.190, which reads in relevant part:

**NRS 11.190.**   **Periods of limitation.**  Except as otherwise provided in NRS 125B.050 and 217.007, actions other than those for the recovery of real property, unless further limited by specific statute, may only be commenced as follows:

    1.     Within 6 years:

        [. . . . .]

       (b)     An action upon a contract, obligation or liability founded upon an instrument in writing, except those mentioned in the preceding sections of this chapter.

2.    Within 4 years:

       (a)     An action on an open account for goods, wares and merchandise sold and delivered.

       (b)     An action for any article charged on an account in a store.

[ . . . . .]

## C.   Debtor's Objections to the Claims are Sustained

The Court will sustain Debtor's Objections to LVNV's Claims.   The reasons follow.

### 1.   The Analytical Framework and Burden of Proof in Resolving Claim Objections

The analytical course to be charted by bankruptcy courts in resolving claim objections is the subject of well-established case law within the Ninth Circuit.  Rules 3001 and 3002 also provide relevant procedural guidance.

A creditor's proper filing of a proof of claim constitutes *prima facie* evidence of the validity and amount of the claim pursuant to Section 502(a) and Rule 3001(f), so long as the claim is filed in writing using the proper official form.  See Branch Banking & Trust Co. v. R&S St. Rose Lenders, LLC, 2014 WL 4929506 at *3 (D. Nev. Oct. 1, 2014), appeal dismissed, 621 Fed. App'x 497 (9th Cir. Nov. 2, 2015).  "It is generally held that failure to attach writings to a proof of claim does not require a bankruptcy court to disallow a claim on that basis alone.  Rather, the claim is not entitled to be considered as *prima facie* evidence of the claim's validity."

Heath v. Am. Express Travel Related Serv. Co. (*In re* Heath), 331 B.R. 424, 433 (9th Cir. BAP 2005), citing Ashford v. Consol. Pioneer Mortg. (*In re* Consol. Pioneer Mortg.), 178 B.R. 222, 226 (9th Cir. BAP 1995), aff'd, 91 F.3d 151 (9th Cir. 1996).

Under Rule 3007(a), a claim objection must be filed in writing. A claim objection is a "contested matter" governed by Rule 9014 and is regarded as a motion for purposes of FED. R. CIV. P. 43(e). "Should objection be taken, the objector is then called upon to produce evidence and show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves. A proof of claim is strong enough to carry over a mere formal objection without more. ***The ultimate burden of persuasion is, however, always on the claimant.***" Branch Banking at *3, citing Wright v. Holm (*In re* Holm), 931 F.2d 620, 623 (9th Cir. 1991) (emphasis added).

Under Section 502(b), if an objection to a claim is made by a party in interest, the court, after notice and a hearing, shall determine the amount of such claim.  Any dispute over the validity of a proof of claim is governed by state law.  Branch Banking at *3, citing Johnson v. Righetti (*In re* Johnson), 756 F.2d 738, 741 (9th Cir. 1985), cert. denied, 474 U.S. 828 (1985). Application of that legal framework to the facts of Debtor's case is the next step in resolving Debtor's Objections to LVNV's Claims.

### 2.    LVNV's Claims are Entitled to *Prima Facie* Validity in the First Instance

LVNV's Claims were filed with the Court in writing on the appropriate official form, with appropriate supporting documentation attached.  Debtor makes no argument to the contrary. The Court therefore concludes that LVNV's Claims are entitled to *prima facie* validity in the first instance.  See Rule 3001(f); see also Branch Banking at *3.

10

### 3. Debtor's Objections are Sufficient to Overcome the *Prima Facie* Validity of LVNV's Claims

Debtor's Objections assert that when LVNV's Claims were filed, each and all of them were time barred by operation of NRS 11.190, the applicable Nevada statute of limitations. More particularly, NRS 11.190(1)(b) is a Nevada statute which sets the limitations period for commencing claims based upon written contracts generally at six years. NRS 11.190(2)(a) and (b) are Nevada statutes of limitations which set the limitations period for commencing claims based upon either "an open account for goods, wares, and merchandise sold and delivered" or "for any article charged on an account in a store" at four years.

The Court finds that Debtor's Objections are indeed supported by evidence and facts that tend to defeat LVNV's Claims by probative force equal to that of the allegations of the Claims themselves. In fact, the Court finds that Debtor's Objections are premised upon and supported by the very documents filed by LVNV in support of the Claims. The Account Detail forms attached to the Claims show with crystal clarity that the statutes of limitations imposed by NRS 11.190(1)(b) and 11.190(2)(a) and (b) all served as a legal bar to any action seeking to collect on the accounts underpinning the Claims when the Claims were filed. This conclusion is confirmed by comparing the expiration of the longer six-year limitations period under NRS 11.190(1)(b) to the filing date of the Claims:

- **Claim 4-1:**    Charged off:                          January 30, 2004

    Last transaction date:                 September 28, 2006

    Six Years from the latter date:     September 28, 2012

    Claim 4-1 filing date:                   February 13, 2018

- **Claim 5-1:**    Charged off:                    September 1, 2002

                    Last transaction date:          December 16, 2003

                    Six Years from the latter date: December 16, 2009

                    Claim 5-1 filing date:          February 13, 2018


- **Claim 6-1:**    Charged off:                    April 21, 2003

                    Last transaction date:          December 17, 2003

                    Six Years from the latter date: December 17, 2009

                    Claim 6-1 filing date:          February 13, 2018

It isn't even close.  LVNV's Claims were all filed 12 to 15 years after the date of the last transaction on the underlying account, or the date when the account was charged off by the originating creditor, whichever occurred later.  The Claims were all filed between 7 and 9 years after the longest potentially applicable statute of limitations under Nevada law had expired. Remarkably, LVNV's own papers acknowledge that the Claims were time barred under the applicable Nevada statute of limitations when they were filed.  LVNV's replies to Debtor's Objections each plainly state: "The Creditor does not dispute that the claim is time barred."[14]

The preponderance of the evidence demonstrates that under the applicable Nevada statutes of limitations set forth in NRS 11.190, each and all of LVNV's Claims were time barred (by several years) when they were filed.  LVNV concedes that fact.  The Court finds that the information in the attachments to NVLV's own Claims is enough to substantiate the arguments advanced in Debtor's Objections.  LVNV does not suggest otherwise.  Resultantly, each and all

---

[14]ECF No. 93, p. 2 of 5; ECF No. 94, p. 2 of 5; ECF No. 95, p. 2 of 5.

of LVNV's Claims are "unenforceable against the debtor [. . .] under [. . .] applicable law for a reason other than because [those] claims are contingent or unmatured."[15]  The Court therefore concludes that Debtor's Objections are sufficient to overcome the *prima facie* validity of each and all of LVNV's Claims, exposing them to disallowance under Section 502(b)(1).

But that isn't the end of the inquiry.  The burden of proof simply shifts back to LVNV, affording LVNV an opportunity to satisfy its ultimate burden of persuading the Court that the Claims should be allowed.  See Branch Banking at *3 (noting that in the claim objection context, "[t]he ultimate burden of persuasion is [. . . . .] always on the claimant."), citing Holm, 931 F.2d at 623.

### 4.    LVNV Failed to Carry its Ultimate Burden of Proof of Persuading this Court that the Claims Should Be Allowed Under Section 502.

Faced with Debtor's Objections, LVNV did not offer even a scintilla of evidence to persuade this Court that the stale Claims it filed in this case should be allowed and paid under Debtor's Chapter 13 plan.  The fact that LVNV did not, and in fact could not, carry its ultimate burden under Section 502 regarding allowance of the Claims is readily apparent from its own papers:  "The Creditor does not dispute that the [Claims are] time barred."[16]

As LVNV failed to carry its ultimate burden of persuading the Court that the stale Claims it filed in this case should be allowed, the Court concludes that Debtor's Objections to each and all of LVNV's Claims must be **SUSTAINED**.  Each and all of LVNV's Claims are **DISALLOWED** in their entirety.

---

[15] 11 U.S.C. § 502(b)(1).
[16] ECF No. 93, p. 2 of 5; ECF No. 94, p. 2 of 5; ECF No. 95, p. 2 of 5.

As a result, the Debtor is the prevailing party in the contested matter arising from LVNV's filing of the stale Claims and Debtor's Objections to them.  The remaining question is whether Debtor, having prevailed on her Objections to LVNV's obviously stale Claims, is entitled to recover the attorney's fees she incurred in prosecuting those Objections from LVNV.

**D.      As the Prevailing Party in the Contested Matter Arising From LVNV's Filing of the Stale Claims and Debtor's Objections to Them, Debtor is Entitled to An Award of Attorney Fees Under the Fee Shifting Provisions of NRS 18.010**

The trustee in Debtor's case did not object to LVNV's stale Claims.  As a result, Debtor effectively had two choices:  (1)  file the Objections in order to avoid paying money to LVNV for the obviously stale Claims it had filed in her case; or (2) do nothing and have money from her plan payments remitted to LVNV for its time barred Claims at the expense of her other creditors. Debtor filed and successfully prosecuted the Objections to LVNV's patently stale Claims.  She is therefore entitled to recover the attorney fees incurred in prosecuting the Objections to LVNV's stale Claims under Nevada law, not as a sanction, but by operation of the fee shifting provisions of NRS 18.010.  The reasons follow.

**1.      The General Rule:  Attorney's Fees are Not Recoverable in Bankruptcy**

No general right to recover attorney fees exists under the Code. Hosseini v. Key Bank, N.A. (*In re* Hosseini), 504 B.R. 558, 563-568 (9th Cir. BAP 2014).  Nothing in the text of 11 U.S.C. § 502 provides for recovery of attorney's fees incurred in successfully objecting to a proof of claim, either.  So, to obtain an award of the attorney fees incurred in successfully prosecuting her Objections to LVNV's stale Claims, Debtor must look elsewhere.

### 2.    The American Rule

Under what is colloquially known as the "American Rule," a prevailing party may not recover attorney's fees except as provided for by contract or by statute.  Travelers Cas. & Sur. Co. v. Pac. Gas & Elec. Co., 549 U.S. 443, 448 (2007); see also, Fry v. Dinan (In re Dinan), 448 B.R. 775, 784 (9th Cir. BAP 2011).  Debtor does not claim she is entitled to recover the attorney's fees she incurred in successfully prosecuting the Objections to LVNV's time barred Claims pursuant to a contract.  The reason for that is simple.  There is no contract containing an attorney's fee clause in the record before the Court.

Since there is no evidence of a contract containing an attorney's fee clause, nor any right to recover attorney's fees under Section 502 or the Code generally, Debtor's ability to recover her attorney's fees for successfully prosecuting her Oppositions to LVNV's stale Claims hinges on the existence of another applicable statute that would allow such a recovery.  Debtor contends that such a statute exists, and points specifically to NRS 18.010(2)(b).

### 3.    Attorney's Fees Under the Fee Shifting Provisions of NRS 18.010(2)(b)

NRS 18.010 is a fee shifting statute that departs from the American Rule.  NRS 18.010 sets forth  specific parameters under which attorney's fees may be awarded to a party who has prevailed in a contested legal matter.  As relevant here, NRS 18.010(2) provides, in pertinent part:

**NRS 18.010.   Award of attorney's fees**

**[. . . . .]**

15

2.      In addition to the cases where an allowance is authorized by specific

statute, the court may make an allowance of attorney's fees to a prevailing

party:

    a.      When the prevailing party has not recovered more than $20,000; or

    b.      Without regard to the recovery sought, ***when the court finds that***

       ***the claim***, counterclaim, cross-claim or third-party complaint or

       defense ***of the opposing party was brought or maintained without***

       ***reasonable ground*** or to harass the prevailing party. ***The court***

       ***shall liberally construe the provisions of this paragraph in favor***

       ***of awarding attorney's fees in all appropriate situations. It is the***

       ***intent of the Legislature that the court award attorney's fees***

       ***pursuant to this paragraph*** and impose sanctions pursuant to Rule

       11 of the Nevada Rules of Civil Procedure ***in all appropriate***

       ***situations to punish for and deter frivolous or vexatious claims***

       and defenses ***because such claims and defenses overburden***

       ***limited judicial resources, hinder the timely resolution of***

       ***meritorious claims and increase the costs of engaging in business***

       ***and providing professional services to the public.***

3.      In awarding attorney's fees, the court may pronounce its decision on the

fees at the conclusion of the trial or special proceeding without written

motion and with or without presentation of additional evidence.

16

4.      Subsections 2 and 3 do not apply to any action arising out of a written

instrument or agreement which entitles the prevailing party to an award of

reasonable attorney's fees.

NRS 18.010(2)(b) (emphasis added).  In this Court's view, NRS 18.010(2)(b) is compelling

under the facts present in this case.

NRS 18.010(2)(b) expressly provides that courts in Nevada "***shall*** liberally construe the

provisions of this paragraph in favor of awarding attorney's fees in all appropriate situations."

(emphasis added). Additionally, NRS 18.010(2)(b) expressly states that it was the intent of

Legislature for the courts in Nevada to "award attorney's fees pursuant to this paragraph in all

appropriate situations to punish for and deter frivolous or vexations claims [. . . . .] because such

claims [. . . . .] overburden limited judicial resources, hinder the timely resolution of meritorious

claims and increase the costs of engaging in business and providing professional services to the

public."

Each of those legislative concerns is implicated by the facts before the Court in this case.

The filing of multiple and obviously time barred claims in a Nevada Chapter 13 bankruptcy case

is precisely the type of frivolous claim that overburdens the limited judicial resources of this

Court, hinders the timely resolution of meritorious claims, and increases the costs of professional

services rendered by debtor's counsel to their clients in having to object.  That is particularly true

because a claim objection is in effect an affirmative defense which must be raised in order to

avoid the allowance and payment of that stale claim through the debtor's Chapter 13 repayment

plan.

As observed by Justice Sotomayor in her dissenting opinion in Midland Funding, LLC v.

Johnson, ___ U.S. ___,  137 S. Ct. 1407, 197 L. Ed. 2d 790 (2017), the filing of obviously stale

claims in bankruptcy cases has become common practice among debt buyers, so much so that "debt buyers have "deluge[d]" the bankruptcy courts with claims "on debts deemed unenforceable under state statutes of limitations."" Midland Funding, ___ U.S.___, 137 S. Ct. at 1418 (Sotomayor, J., dissenting), quoting Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1256 (11th Cir. 2014) (other citations omitted). As Justice Sotomayor noted, this practice is a systemic abuse of the bankruptcy system that overburdens the limited judicial resources available to debtors and creditors alike. Id. ("This practice [. . . . .] 'manipulates the bankruptcy process by systematically shifting the burden' to trustees and debtors to object even to 'frivolous claims'— especially given that filing an objection is costly, time consuming, and easy to overlook.").

The dissent in Midland Funding further describes the filing of stale claims as "unfair" and "unconscionable" in addition to being detrimental to debtors. Midland Funding, ___ U.S.___, 137 S. Ct. at 1419 (Sotomayor, J., dissenting) ("Debt collectors do not file these claims in good faith; they file them hoping and expecting that the bankruptcy system will fail. Such a practice is "unfair" and "unconscionable" [. . . . .]."). Justice Sotomayor summed up the abusive nature of debt collectors' systemic filing of time barred claims in bankruptcy cases this way:

> [M]ost debtors who fail to object to a stale claim will end up worse off than had they never entered bankruptcy at all: They will make payments on the stale debts, thereby resuscitating them, [. . .] and may thus walk out of bankruptcy court owing more to their creditors than they did when they entered it. There is no benefit to anyone in such a proceeding – except the debt collectors.

Midland Funding, ___ U.S.___, 137 S. Ct. at 1421 (Sotomayor, J., dissenting) (internal citation omitted).

18

The facts and issues in this case are the precise embodiment of the concerns described by Justice Sotomayor in her Midland Funding dissent, and they implicate each and every one of concerns plainly expressed by the Nevada legislature in the text of NRS 18.010(2)(b). The next question is whether the Court may properly apply NRS 18.010(2)(b) in this case.

### 4.    NRS 18.010(2)(b) is Applicable in This Case

The Ninth Circuit Court of Appeals has addressed the question of whether and when a bankruptcy court may properly make an award of attorney's fees in bankruptcy proceedings:

> [. . . . .]  It is true that the bankruptcy court has authority to apply either state substantive law or federal substantive law, but the choice depends on the nature of the action involved. *See, e.g., In re Sparkman,* 703 F.2d 1097, 1100 (9th Cir.1983) (because California state law governed the substantive issues involved in Sparkman's counterclaim filed in proof of claim litigation, it was appropriate to award attorney's fees under state statute); *In re Sonoma V,* 23 B.R. 789, 796 (Bankr. 9th Cir. 1982) (when a federal bankruptcy court exercises jurisdiction over a dispute involving state law (breach of contract action), state law with respect to attorney's fees applies). When, as here, federal and not state law governed the substantive issues involved in the Righettis' motion, the bankruptcy court should not have awarded attorney's fees pursuant to a state statute. *Cf. Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 259 n. 31, 95 S. Ct. 1612, 1622 n. 31, 44 L.Ed.2d 141 (1975) (award of attorney's fees in federal litigation reversed as contrary to the "American Rule" followed by federal courts under which attorney's fees are not recoverable by prevailing litigant in the

absence of contrary federal statutory authorization—however, in diversity cases where state law governs, state provisions for such fees may be applied).

The Johnsons contend that this circuit applied section 1717 in a bankruptcy case, *In re Eastview Estates II*, 713 F.2d 443 (9th Cir.1983), brought under a federal statute—*i.e.*, 11 U.S.C. § 502(b)(1). ***Section 502(b)(1), however, provides that a court "shall allow" a claim, proof of which has been filed, "except to the extent that ... such claim is unenforceable against the debtor ... under any ... applicable law...." 11 U.S.C. § 502(b)(1). Thus, in proof of claim litigation under 11 U.S.C. § 502(b)(1), the validity of the claim is determined under state law.***

Johnson v. Righetti (*In re* Johnson), 756 F.2d 738, 740-41 (9th Cir.), cert. denied, 474 U.S. 828 (1985) (emphasis added); see also Travelers Cas. & Sur. Co. v. Pac. Gas & Elec. Co., 549 U.S. 443, 453 (2007) (noting that a request for attorney's fees is not precluded simply because the attorney's fees sought were incurred while litigating issues of federal bankruptcy law).

The Ninth Circuit's holding in Johnson is on all fours with this case. Certiorari was sought and denied in Johnson, and it is still good law. This Court was required to resolve Debtor's Objections to LVNV's patently stale Claims under Section 502(b)(1). Section 502(b)(1) provides that bankruptcy courts "shall allow" a proof of claim ""except to the extent that ... such claim is unenforceable against the debtor ... under any ... applicable law...." It is well established that "[a]ny dispute over the validity of a proof of claim is governed by state law."[17] The validity (or more properly invalidity) of LVNV's Claims was determined by this Court

---

[17]Branch Banking at *3, citing Johnson, 756 F.2d at 741.

under Nevada state law, and more specifically under the statutes of limitations set forth in NRS 11.190 discussed above. As a result, the Court concludes that it is proper to apply the fee shifting provisions of NRS 18.010(2)(b) in this case, such that LVNV bears the burden of the attorney's fees Debtor incurred in successfully prosecuting her Oppositions to LVNV's patently stale Claims.

**5.    The Supreme Court's Decision in <u>Midland Funding</u> is Readily Distinguishable**

LVNV Funding's replies to Debtor's Objections and her related request for attorney's fees rely heavily on the majority opinion in <u>Midland Funding, LLC v. Johnson</u>, ___ U.S. ___, 137 S. Ct. 1407, 197 L. Ed. 2d 790 (2017). In <u>Midland</u> <u>Funding</u>, the Supreme Court addressed the issue of whether a creditor violates the Fair Debt Collection Practices Act ("FDCPA") by filing a proof of claim that discloses on its face that the underlying debt is barred by the relevant statute of limitations. Specifically, the debtor in <u>Midland Funding</u> brought suit against Midland seeking actual damages, statutory damages, attorney's fees, and costs, asserting that Midland had violated the FDCPA by filing its stale claims.

By contrast, in this case, Debtor's Objections to LVNV's stale Claims and related request for attorney's fees do not rely upon or invoke the FDCPA in any way. Debtor's Objections to LVNV's time barred Claims are predicated upon Section 502(b)(1), a matter that was ultimately resolved under Nevada state law, and in particular, NRS 11.190. Debtor's request for attorney's fees is properly predicated upon Nevada's fee shifting statute, NRS 18.010(2)(b). In summary, because Debtor is not requesting fees under the FDCPA, but instead under the fee shifting provisions of NRS 18.010(2)(b) following the successful prosecution of her Oppositions to

21

LVNV's stale Claims, <u>Midland Funding</u> is readily distinguishable from this case, and does not control any of the issues pending before the Court.

      **6.**      **The Court Will Shift Debtor's Attorney's Fees Incurred in Successfully Prosecuting Her Objections to These Stale Claims to LVNV Under NRS 18.010(2)(b)**

    Debtor's Objections to LVNV's obviously stale Claims have been sustained. Debtor is therefore a prevailing party in the context of NRS 18.010(2)(b). The Court concludes that the attorney's fees Debtor incurred in successfully prosecuting her Objections to LVNV's time barred Claims should be shifted to, and borne by, LVNV for each and all of the reasons set forth in NRS 18.010(2)(b) and this memorandum.

<u>**CONCLUSION**</u>

    The Court concludes that when a creditor files proof of claim in a bankruptcy case pending in the District of Nevada, the claim is patently time barred at filing under the limitations periods imposed by NRS 11.190(1)(a) and/or NRS 11.190(2)(a) and/or NRS 11.190(2)(b), no objection to the claim is filed by the bankruptcy trustee, and the debtor files and successfully prosecutes an objection to that stale claim under Section 502(b)(1), an award shifting the debtor's objection-related attorney's fees to the creditor that filed the stale claim is warranted under NRS 18.010(2)(b).

<u>**ORDER**</u>

Based upon the record before the Court, and for the reasons detailed in this memorandum:

    **IT IS ORDERED, ADJUDGED AND DECREED** that Debtor's Objection to LVNV's Claim 4-1 in the amount of $9,379.75 is **SUSTAINED,** and that claim is **DISALLOWED** in its entirety under 11 U.S.C. § 502(b)(1).

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Debtor's Objection to LVNV's Claim 5-1 in the amount of $924.84 is **SUSTAINED** and that claim is **DISALLOWED** in its entirety under 11 U.S.C. § 502(b)(1).

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Debtor's Objection to LVNV's Claim 6-1 in the amount of $845.08 is **SUSTAINED** and that claim is **DISALLOWED** in its entirety under 11 U.S.C. § 502(b)(1).

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that under NRS 18.010(2)(b), Debtor is awarded, and LVNV shall remit to Debtor through her counsel, all attorney's fees and expenses incurred by Debtor in successfully prosecuting the Oppositions to LVNV's time barred Claims.  Counsel for the Debtor shall file a declaration as to the amount of fees incurred as a result of Debtor's successful prosecution of the Oppositions to the stale Claims filed by LVNV.  That declaration shall be filed within 14 days from the docketing of this memorandum.  The Court will enter a supplemental order establishing the amount of fees awarded to Debtor to be paid by LVNV thereafter.

**IT IS SO ORDERED.**

Copies sent to all parties via CM/ECF ELECTRONIC NOTICE